IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01158 LTB-MEH

JAMES BOOTH,

    Plaintiff,

v.

QWEST COMMUNICATIONS CORPORATION, as successor in interest to OnFiber Communications, Inc.,

    Defendant.
_____

**STIPULATION AND PROTECTIVE ORDER**
_____

    Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or responses to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing:  personal financial information pertaining to Plaintiff James Booth, witnesses, employees, and/or shareholders of OnFiber Communications, Inc., Qwest Communications Corporation, or other related entities; other personal information concerning Plaintiff James Booth, witnesses and/or employees of

OnFiber Communications, Inc., Qwest Communications Corporation, or other related entities; information concerning the operation of OnFiber Communications, Inc., including without limitation, information on discussions held by the OnFiber Communications, Inc. Board of Directors; proposals, discussions and documents concerning transactions involving OnFiber Communications, Inc., including without limitation proposals, discussions and documents concerning the sale of OnFiber Communications, Inc. or its assets; information concerning, and communications between or among, OnFiber Communications, Inc., its employees, officers, directors, and representatives that, absent disclosure in this litigation, would be covered by the attorney-client privilege; and information concerning the techniques, know how, or other intellectual property belonging to OnFiber Communications, Inc., Qwest Communications Corporation or other related entities. The Parties acknowledge that the listed categories constitute information the disclosure of which outside this litigation would cause annoyance, embarrassment and/or oppression or constitute trade secrets, confidential research or development or confidential commercial information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any responses to a discovery request; and

    c. With respect to transcribed testimony, by declaring such testimony as confidential at the time of the testimony or by giving written notice to opposing Counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

b. It shall not be communicated or disclosed by any Party's Counsel or a Party in any manner, either directly or indirectly, to anyone other than court personnel, witnesses and their attorneys, experts retained for this case, staff for Counsel of Record, or employees and representatives of a Party.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's Counsel who discloses Confidential Information as permitted by paragraph 4 shall be responsible for obtaining the consent to the terms of this Protective Order from persons to whom such Confidential Information is disclosed.

7. No copies of Confidential Information shall be made except by or on behalf of Counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8. During the pendency of this litigation, Counsel of Record shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above. Any witness or expert retained for the case who obtains copies of Confidential Information from Counsel for use in this litigation shall return all such copies to Counsel at the completion of the case.

9. If opposing Counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Party's Counsel in writing of the specific grounds of objection to the designation. All Counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all Counsel are unable to resolve their dispute, Counsel designating such information as confidential may move for an order by the Court consistent with this order. Any motion for confidentiality shall be filed within 14 days of receipt by Counsel of notice of opposing Counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

10. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection.

11. The termination of this action shall not relieve Counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13. Upon termination of this litigation, including any appeals, each Party's Counsel shall retain or destroy all Confidential Information provided subject to this Protective Order and in either case, pursuant to this Protective Order, shall maintain the confidentiality of such Confidential Information and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 19th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND AGREED BY**:

*s/ Sara J. Rich*                       *s/ William A. Wright*

| | |
|---|---|
| Darold W. Killmer | William A. Wright |
| Mari Newman | SHERMAN & HOWARD L.L.C. |
| Sara J. Rich | 633 17th St., Suite 3000 |
| 1543 Champa Street, Suite 400 | Denver CO 80202 |
| Denver, CO 80202 | Telephone: (303) 299-8086 |
| Telephone: (303) 571-1000 | wwright@shermanhoward.com |
| dkillmer@killmerlane.com | |
| mnewman@killmerlane.com | |
| srich@killmerlane.com | |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |